**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**GREGORY DEWANYE WRIGHT,
ADC #10275**                                                                                         **PLAINTIFF**

V.                            **CASE NO. 5:18-CV-11-DPM-BD**

**BRANDON BUTLER, et al.**                                                                  **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**     **Discussion:**

Plaintiff Gregory DeWanye Wright, an inmate in the Arkansas Department of Corrections, filed this lawsuit without the help of a lawyer and is proceeding *in forma pauperis*. (Docket entries #1, #2) The Prison Litigation Reform Act requires federal courts to screen prisoner complaints before ordering service of process in cases, such as this, where the prisoner is seeking relief against a governmental entity, officer, or

employee. 28 U.S.C. § 1915A(a). Upon screening, the Court must dismiss any claim that is legally frivolous or malicious; that fails to state a claim upon which relief may be granted; or that seeks monetary relief from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b). When screening a complaint, the court must accept the truth of the factual allegations in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Mr. Wright first claims that Defendants violated his due process rights. In support of his claims, he alleges that the Defendants charged him with a false disciplinary and, after convicting him, improperly sentenced him to "class 4, 60 days restriction from the phone, commissary violation, 23 days punitive isolation, and 183 days loss of good time."[1] (#2)

Prisoners have a right to procedural due process under the Fourteenth Amendment, but only where there is a liberty interest at stake. Even if all of Mr. Wright's allegations are true, the punishments he suffered are not considered serious enough to implicate a liberty interest. See *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Ballinger v. Cedar Cnty*, 810 F.3d 557, 562-563 (8th Cir. 2016)(no liberty interest where claimant alleged reduced access to showers, telephone use, exercise, and social interaction with others); *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest when he was demoted without cause to nine months in administrative

---

[1] Later, Wendy Kelley modified the finding to "not guilty" of assault; but it is not clear whether or how this affected Mr. Wright's sentence. (#2)

segregation); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that inmates have no liberty interest in maintaining a particular classification level and that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin,*); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam)(prisoners do not have a constitutional right to a particular prison job)*; Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)(prisoners do not have a liberty interest in being housed in or transferred to a particular prison unit); *McKinnon v. Norris*, 366 Ark. 404 (2006)(the Supreme Court of Arkansas has found that there is no liberty interest in the accumulation or loss of good-time credits under Arkansas law).

Mr. Wright also claims a violation of the constitutional prohibition against cruel and unusual punishment. Again, the allegations here—even if true—cannot support an Eighth Amendment claim. Mr. Wright does not allege that he suffered an "unnecessary and wanton infliction of pain," or "deprivations denying the minimal civilized measure of life's necessities." And under settled law, that is the standard for an Eighth Amendment claim. See *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); see also, *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (holding that an allegedly false disciplinary conviction that resulted in an inmate being required to spend thirty-seven days in punitive isolation,

where he was not allowed contact visitation, exercise privileges, or chapel rights, did not amount to an Eighth Amendment violation); *Eugene v. Klecker*, 636 F.2d 250, 251 (8th Cir. 1980) (holding that the loss of good time credits, as a result of an allegedly false disciplinary conviction, was not an Eighth Amendment violation); *McChristian v. Hampton*, 48 F.3d 1224 (8th Cir. 1995) (unpublished opinion) (holding that a false disciplinary conviction allegedly filed to conceal unlawful behavior by the defendants did not implicate a constitutional right).

### III.   Conclusion:

Under settled law, the punishment imposed against Mr. Wright was not severe enough to trigger the protection of the due process clause of the United States Constitution. Likewise, he has not alleged conditions of his confinement in punitive segregation that were so harsh as to be considered cruel or unusual punishment. Thus, he has failed to state a claim under either the Fourteenth or Eighth Amendment.

The Court recommends, therefore, that Mr. Wright's claims against the Defendants be DISMISSED, without prejudice, and that the dismissal should count as a STRIKE for purposes of the Prison Litigation Reform Act.

DATED this 18th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE